IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

MAY 20 2013

CHRIS R. JOHNSON, CLERK
BY _____ DEPUTY CLERK

| | |
|---|---|
| NATASHA FLETCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COGENT FINANCIAL GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

13-5100

## COMPLAINT

NOW COMES the Plaintiff, NATASHA FLETCHER, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, COGENT FINANCIAL GROUP, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. NATASHA FLETCHER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Fayetteville, County of Washington, State of Arkansas.

5. The debt that Plaintiff allegedly owed was for a medical bill (hereinafter "the Debt").

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. COGENT FINANCIAL GROUP, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant is incorporated in the State of California.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.   ALLEGATIONS

13. In or around July 2005, Defendant began to initiate telephone calls to Plaintiff in an attempt to collect the Debt.

14. In or around February 2006, during the course of a telephone conversation between Plaintiff and Defendant, Plaintiff paid the Debt in full by providing Defendant with her checking account information.

15. As of in or around February 2006, Plaintiff had paid the Debt in full.

16. As of in or around February 2006, Plaintiff no longer owed the Debt.

17. Despite the fact that Plaintiff had paid the Debt in full, Defendant continued to initiate telephone calls to Plaintiff in attempt to collect the Debt.

18. On or about June 2, 2012, Defendant and Plaintiff engaged in a telephone conversation, during which Defendant attempted to collect the Debt.

19. During the aforesaid telephone conversation between Defendant and Plaintiff, Defendant told Plaintiff that if she did not pay the Debt, Defendant would inform Plaintiff's employer that Plaintiff was a "dead beat" so she would get terminated from her place of employment. Defendant told Plaintiff that it would "ruin her life".

20. Defendant's statements as delineated above are neither statements made in an effort to seek payment from Plaintiff nor statements made to further the collection efforts of Defendant.

21. The natural consequence of Defendant's statements was to unjustly condemn and vilify Plaintiff for her non-payment of the Debt.

22. The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

23. The natural consequence of Defendant's statements was to cause Plaintiff mental distress.

24. Defendant's statements caused Plaintiff mental distress.

25. On or about February 5, 2013, Defendant and Plaintiff engaged in another telephone conversation, during which Defendant attempted to collect the Debt.

26. During the aforesaid telephone conversation between Defendant and Plaintiff, Defendant's authorized representative introduced himself as a "detective".

27. Defendant further told Plaintiff it was conducting a "fraudulent misrepresentation investigation" against Plaintiff that could result in Plaintiff being arrested.

28. Plaintiff responded by informing Defendant that the Debt had been paid in full in 2006, and asked Defendant what crime she had committed.

29. Defendant then told Plaintiff: "I hope you like jail, because that's where you'll end up going if you don't pay the debt."

30. Defendant's representation that Plaintiff could go to jail had the effect of conveying to an unsophisticated consumer that Plaintiff had engaged in criminal conduct with respect to the Debt.

31. Plaintiff has not engaged in criminal conduct with respect to the Debt.

32. Defendant's representation that Plaintiff had engaged in criminal conduct was false, deceptive and/or misleading given that Plaintiff had not engaged in the aforesaid conduct relative to the Debt.

33. Defendant's representation that Plaintiff could go to jail relative to the debt on which it was attempting to collect misrepresented the character, status and/or legal nature of the Debt.

34. Defendant's representation that Plaintiff could go to jail was a statement made by Defendant to Plaintiff in an attempt to disgrace Plaintiff.

35. During the aforesaid telephone conversation between Defendant and Plaintiff, on or about February 5, 2013, Plaintiff requested that Defendant stop directing telephone calls to her home telephone number.

36. Plaintiff informed Defendant that it was inconvenient for her to receive telephone calls at home, because she used her home telephone number for business purposes.

37. Subsequent to the aforesaid telephone conversation between Plaintiff and Defendant, on or about February 5, 2013, Defendant knew or should have known that it was inconvenient for Plaintiff to receive telephone calls to her home telephone number.

38. Despite Defendant's knowledge that it was inconvenient for her to receive telephone calls at her home telephone number, on or about February 5, 2013, Defendant initiated multiple other telephone calls to Plaintiff's home telephone number throughout the course of the day.

39. On or about February 6, 2013, Defendant initiated a telephone call to Plaintiff in an attempt to collect the Debt.

40. During the course of the aforementioned telephone call between Plaintiff and Defendant, Defendant threatened to freeze Plaintiff's bank accounts and garnish Plaintiff's wages if Plaintiff failed to pay the Debt.

41. At the time Defendant made the aforementioned threats to freeze Plaintiff's bank accounts and garnish Plaintiff's wages, no lawsuit had been filed against Plaintiff for the Debt.

42. At the time Defendant made the aforementioned threats to freeze Plaintiff's bank accounts and garnish Plaintiff's wages, no judgment had been entered against Plaintiff for the Debt.

43. The debt allegedly owed by Plaintiff is not a debt that can proceed to garnishment without Defendant first having secured a judgment against Plaintiff for the Debt.

44. Defendant's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that if Defendant filed a lawsuit against Plaintiff then Defendant would summarily obtain a judgment against Plaintiff.

45. Defendant's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that if Defendant filed a lawsuit against Plaintiff then Plaintiff would not be able to defend herself in a lawsuit brought against her by Defendant.

46. Defendant's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that if Plaintiff failed to pay the debt she allegedly owed then Defendant would obtain a judgment against Plaintiff relative to the debt she allegedly owed.

47. In or around February 2013, Defendant initiated a telephone call to Plaintiff's ex-husband, Elvon McAfee.

48. During the course of its telephone calls to Plaintiff's ex-husband, Defendant disclosed that Plaintiff owed a debt.

49. During the course of its telephone calls to Plaintiff's ex-husband, Defendant identified itself as a "detective", who was "building a case" against Plaintiff.

50. Plaintiff did not consent to Defendant contacting third parties.

51. Defendant's statement that it was a "Detective" was false, deceptive and/or misleading given that, upon information and belief, Defendant's duly authorized representative was not an "Detective."

52. Defendant's statement that it was a "Detective" conveyed to Plaintiff's ex-husband that Defendant was affiliated with and/or an agent of a police and/or governmental body.

53. Plaintiff's ex-husband informed Plaintiff about the content of his communication with Defendant.

54. In or around February 2013, Defendant initiated a telephone call to Plaintiff's friend, Joshua McEntire.

55. During the course of its telephone calls to Plaintiff's friend, Defendant disclosed that Plaintiff owed a debt.

56. During the course of its telephone calls to Plaintiff's friend, Defendant again identified itself as a "detective", who was "building a case" against Plaintiff.

57. Defendant's statement that it was a "Detective" conveyed to Plaintiff's friend that Defendant was affiliated with and/or an agent of a police and/or governmental body.

58. Plaintiff's friend informed Plaintiff about the content of his communication with Defendant.

59. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

60. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

b. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

c. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

d. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

e. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

f. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

g. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

h. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

i. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

j. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

k. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

61.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.    JURY DEMAND

62.    Plaintiff hereby demands a trial by jury on all issues so triable.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, NATASHA FLETCHER, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**NATASHA FLETCHER**

By: _/s/ David M. Marco_
David M. Marco
Attorney for Plaintiff

Dated: May 16, 2013

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com