IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

NATASHA FLETCHER                                                                         PLAINTIFF

v.                                             Case No. 5:13-CV-05100

COGENT ACQUISITION COMPANY, LLC
d/b/a COGENT FINANCIAL GROUP, INC.                                         DEFENDANT

## ORDER

Currently before the Court is Plaintiff Natasha Fletcher's motion for default judgment (Doc. 12) and supporting affidavits. Plaintiff filed an amended complaint on June 20, 2013, alleging that Defendant Cogent Acquisition Company, LLC d/b/a Cogent Financial Group, Inc., violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Defendant failed to file an answer or responsive pleading, and the Clerk of Court entered a default on August 6, 2013 (Doc. 11). Now Plaintiff asks that the Court enter a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). Upon consideration of Plaintiff's motion and her uncontroverted affidavit in support (Doc. 12-1), the Court finds that the motion (Doc. 12) should be GRANTED.

In light of Defendant's default, § 1692k(a)(1) of the FDCPA entitles Plaintiff to recover for "any actual damage sustained" as a result of Defendant's illegal conduct. Plaintiff avers that she sustained actual damage in the amount of $3,000 for "personal humiliation, embarrassment, mental anguish and emotional distress." (Doc. 12-1, p. 4). In reviewing Plaintiff's affidavit, however, it does not appear that she suffered any tangible loss, as she does not claim she incurred medical bills for treatment for emotional distress. Further, although Plaintiff feared that Defendant's threats and harassment would cause her to lose her job or her home, none of these losses materialized.

It is evident that Defendant's conduct caused Plaintiff severe anxiety, weight loss, sleeplessness, and adversely affected Plaintiff's personal and professional relationships. Accordingly, an award of actual damage is proper here, based on Defendant's multiple violations of the FDCPA in its repeated telephone calls to Plaintiff, her friends, and her family for a debt Plaintiff paid in full approximately six years prior. A reasonable amount of compensation for this damage, given Plaintiff's detailed description in her affidavit, is $1,500. Therefore, the Court in its discretion orders Defendant to pay Plaintiff $1,500 in actual damage sustained.

In addition, Plaintiff is owed an award of $1,000 in statutory damage, pursuant to the provisions of § 1692k(a)(2)(A) of the FDCPA.

Finally, § 1692k(a)(3) authorizes Plaintiff to receive an award of "a reasonable attorney's fee as determined by the court." Courts generally use the lodestar method to determine fees, calculating the number of hours reasonably expended given the subject matter, and multiplying that time by a reasonable hourly rate. *Quigley v. Winter*, 598 F.3d 938, 956-57 (8th Cir. 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)). Here, Plaintiff's counsel submitted an affidavit showing that 11.6 hours of time were billed to prosecuting this case. Three separate attorneys worked on the case, charging rates of $395, $340, and $225 per hour, respectively. In addition, one paralegal worked on the case, charging a rate of $115 an hour. The total amount of attorneys' fees requested by Plaintiff is $2,617.

In analyzing Plaintiff's request for fees, the Court observes that the only pleadings filed in the case were a complaint, an amended complaint, a summons, a motion for the clerk to enter a default, and the instant motion for default judgment. There is no legitimate justification for Plaintiff's counsel's decision to staff this straightforward, uncontested case with two senior partners

and a junior associate, particularly considering the fact that all three of these attorneys charge well in excess of the prevailing rate in this district for similar legal services. *See Casey v. City of Cabool, Mo.*, 12 F.3d 799, 805 (8th Cir. 1993) (the Court should consider the relevant market, which could include the local geographic community or the market for a particular legal specialization, in determining the reasonableness of a fee). Moreover, in requesting full reimbursement of fees, counsel made no attempt to compare their rates with those charged in the relevant market. Consequently, the Court will discount the rates charged by Plaintiff's attorneys and their staff and order that the following reasonable rates be used in calculating fees: $250 per hour for partners Larry P. Smith and David M. Marco, $200 per hour for junior associate Angel Bakov, and $75 per hour for paralegal Nicole Roth.

Based on the above findings the Court determines that Plaintiff is entitled to an award of attorneys' fees and costs in the total amount of $2,352.50. This award represents 3.2 hours by Mr. Smith at an hourly rate of $250, 0.4 hours by Mr. Marco at an hourly rate of $250, 2.7 hours by Mr. Bakov at an hourly rate of $200, and 5.3 hours by Ms. Roth at an hourly rate of $75, plus costs of $515.

IT IS THEREFORE ORDERED that Plaintiff Natasha Fletcher's motion for default judgment (Doc. 12) is GRANTED, judgment is entered in favor of Plaintiff, and this case is DISMISSED.

IT IS FURTHER ORDERED that Defendant Cogent Acquisition Company, LLC d/b/a Cogent Financial Group, Inc. is to pay Plaintiff $1,500 in actual damage; $1,000 in statutory damage; and $2,352.50 in attorneys' fees and costs. This judgment amount shall bear interest at the prevailing legal rate of 0.14% per annum from the date of entry of this order until paid. *See* 28

U.S.C. § 1961.  A separate order of judgment will issue contemporaneously with this order.

IT IS SO ORDERED this 17th day of December, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE